IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>RODOLFO GENTIL,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT<br><br><br><br>Case No. 1:10-CR-42 TS |

This matter is before the Court on Defendant's Motion to Alter Judgment. Because the Court does not have the ability to provide Defendant with the request he seeks, the Court must deny the Motion.

I.  BACKGROUND

On April 8, 2010, Defendant was named in a two-count Indictment charging him with being a felon in possession of a firearm and possession of a controlled substance. Defendant pleaded guilty to Count I of the Indictment on August 23, 2010. Defendant was sentenced to 51 months imprisonment on November 9, 2010, and Judgment was entered the following day.

The Court has received two letters from Defendant, dated December 8, 2010, and December 29, 2010. In his letters, Defendant states that, on November 10, 2010, he was sentenced in state court on a third-degree felony and his state sentence was ordered to run concurrent with his federal sentence. Defendant was then transported to the Utah State Prison to serve his state sentence. Apparently, at the time of his federal sentencing, Defendant was in primary state custody and, thus, will remain in state custody until the state decides to release him. At that point, Defendant will likely be turned over to the Bureau of Prisons to begin serving his sentence in this case.

Defendant asks that he be returned to federal custody so that he may start serving his sentence in this matter. Though not made clear, Defendant also appears to ask that the sentence in this case be ordered to run concurrent with his state sentence.

## II. DISCUSSION

Under 18 U.S.C. § 3585, Defendant's sentence does not commence until Defendant is received into federal custody. Because Defendant was in the primary jurisdiction of the state, his federal sentence will not commence until the state relinquishes Defendant. The Court does not have the authority to order Defendant to be removed from state custody and placed in federal custody.

It appears that Defendant's concern is that he will not be given appropriate credit for the time spent in state custody. 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another

sentence." It is the Bureau of Prisons, not this Court, that makes this determination.[1] As the Bureau of Prisons has not yet made its sentence credit calculation, any objection Defendant may have is premature. Further, Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence. Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241. Such petition must be filed in the judicial district where Defendant is held in custody at the time such a Petition is filed.

To the extent that Defendant seeks to amend his Judgment to allow his federal sentence to run concurrent, that request must be denied. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[2] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[3] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[4] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent

---

[1]*United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[2]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[3]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[4]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[5]

None of these three situations are present here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[6] Further, none of the reasons set out in Rule 35(a) apply here. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[7]

---

[5]*Id*. at 947-48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[6]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[7]*Blackwell*, 81 F.3d at 948–49.

4

Defendant seeks a substantive modification of his sentence, rather than to correct a clerical-type error. Therefore, Rule 36 is inapplicable.

### III.  CONCLUSION

Defendant has provided no basis that would allow the Court to amend the Judgment as Defendant seeks. It is therefore

ORDERED that Defendant's Motion to Alter Judgment (Docket No. 34) is DENIED.

DATED   September 27, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge